# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

SARITA GLOVER,

        Plaintiff,

vs.

MONETTREE INC.,

        Defendant.

Case No. 2:14–cv–2193–APG–VCF

**REPORT & RECOMMENDATION**

    This matter involves *pro se* Plaintiff Sarita Glover's civil action against Moneytree, Inc. Before the court is Glover's Application to Proceed *in Forma Pauperis* (#1). For the reasons stated below, Glover's Application to Proceed *in Forma Pauperis* is denied.

    Under 28 U.S.C. § 1914(a), a $400.00 filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

    Here, Glover's application to proceed *in forma pauperis* states that she is a "computer programmer," whose gross pay "varies." Additionally, she states that the amount of money in her checking or savings account is "unknown." These statements do not provide an adequate factual basis for the court to make a determination regarding Glover's ability to pay. Therefore, Glover's application to proceed *in*

*forma pauperis* is denied.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Glover's Application to Proceed *in Forma Pauperis* (#1) is DENIED.

IT IS FURTHER RECOMMENDED that Glover must SUBMIT the filing fee to the Clerk's Office by January 23, 2015, or this matter will be DISMISSED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 31st day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE